THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

James Szmidt,

Plaintiff,

v.

Serenu Inc., Amazon.com Inc., Joseph Stern,

Federal Trade Commission,

Relief Defendant: Internal Revenue Service,

Defendants.

Case No.: [CASE NUMBER]

COMPLAINT

JURY TRIAL DEMANDED

24-cv-60270-AHS

FILED BY \_\_\_\_ D.C.

FEB 16 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INTRODUCTION

This civil action is initiated by Plaintiff James Szmidt, representing himself (pro se), against Defendants Serenu Inc., Amazon.com Inc., Joseph Stern, and the Federal Trade Commission, with the Internal Revenue Service named as a relief defendant. The suit seeks damages and injunctive relief due to the Defendants' alleged fraudulent and unlawful

activities associated with the marketing and sale of "Drawing Salve ointment." This product, claimed to treat boils and cysts, was bought by the Plaintiff on the Amazon platform.

**PARTIES**

1. Plaintiff James Szmidt resides in Deerfield Beach, Florida.
2. Defendant Serenu Inc., a Delaware corporation, sells health and beauty products, including "Drawing Salve ointment," on Amazon.com.
3. Amazon.com Inc., a multinational technology firm based in Washington, operates the online marketplace where the Plaintiff purchased the ointment.
4. Joseph Stern, believed to be the owner and operator of Serenu Inc., is accused of engaging in fraudulent sales practices concerning the "Drawing Salve ointment."
5. The Federal Trade Commission (FTC) is a federal entity tasked with consumer and competition protection, focusing on halting unfair, deceptive, or anti-competitive business practices.
6. The Internal Revenue Service (IRS), a federal agency, is responsible for tax collection and enforcing the Internal Revenue Code. It is named as a relief defendant in this case.

**JURISDICTION**

This Court has jurisdiction over this action pursuant to the following:

1. **Federal Question Jurisdiction**: This action arises under the laws of the United States, including but not limited to, the Federal Trade Commission Act (15 U.S.C. § 41 et seq.), which prohibits unfair or deceptive acts or practices in or affecting commerce. Additionally, claims are made under other federal statutes, such as those governing consumer protection and product safety, including potential claims under the Food, Drug, and Cosmetic Act (21 U.S.C. § 301 et seq.) for the sale of unapproved drugs. The action also implicates the Electronic Communications Privacy Act (18 U.S.C. § 2510 et seq.) concerning the alleged invasion of privacy through the inappropriate use of personal information. The resolution of this case depends on the interpretation of these federal laws, granting this Court federal question jurisdiction under 28 U.S.C. § 1331.
2. **Diversity Jurisdiction**: Moreover, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff James Szmidt is a resident of Florida, Defendant Serenu

Inc. is a Delaware corporation with its principal place of business presumed to be outside Florida, Amazon.com Inc. is incorporated in Washington with its principal place of business outside Florida, and Defendant Joseph Stern is presumed to be a resident of a state other than Florida, thus fulfilling the requirements for diversity of citizenship.

3. **Supplemental Jurisdiction**: This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy under Article III of the United States Constitution, involving a common nucleus of operative fact with the federal claims presented.

4. **Jurisdiction over Relief Defendant**: The Court has jurisdiction over the relief defendant, the Internal Revenue Service (IRS), to the extent necessary to effectuate the equitable relief sought in this action, given the allegation that the IRS holds assets fraudulently obtained by Defendants or assets related to the conduct that is the subject of this lawsuit.

## VENUE

Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants are alleged to have conducted business and committed acts within this district that are central to the Plaintiff's claims.

## FACTUAL ALLEGATIONS

10. In November 2023, Plaintiff began researching treatments for boils and discovered "Drawing Salve ointment" on Amazon, advertised with glowing reviews of its effectiveness against Boils and Cysts. Swayed by these claims, Plaintiff ordered the product on November 24, 2023.

11. The product arrived on November 25, 2023, accompanied by a card from Serenu Inc., offering a $5 rebate in exchange for personal information, contrary to Amazon's policies against sharing such information.

12. Despite reservations, Plaintiff contacted the seller for the rebate and was informed that personal details, including name, address, phone number, and Amazon Order ID, were necessary for rebate processing. Plaintiff complied and submitted the requested information on December 5, 2023.

13. On or about January 17, 2024, I found a painful boil on my arm (Plaintiff has been getting them for years and it prompted his research on the subject and subsequent purchase of the product). Unfortunately, in spite of Amazon.com's claims, the product did not do a great job. Or any decent job at ALL! Not only did it leave a very red mark, it also itched and burned for about a week. To this day there's still a red mark (though decidedly paler) which occasionally still itches.

14. Further investigation (Plaintiff consulted with a local pharmacist) revealed the product had not received FDA approval, a requirement for products claiming medical benefits for conditions like cysts and boils, thus indicating fraudulent misrepresentation of the product's safety and efficacy.

15. Plaintiff believes the fraudulent activities extend beyond misrepresentation, involving fake reviews and rebate offers that were never honored, designed to deceive consumers and promote the sale of a dangerous and ineffective product.

16. Defendants' actions have caused Plaintiff significant harm, including physical injury, financial loss, and emotional distress, necessitating this legal action.

## COUNTS

    a. Fraud and Misrepresentation against all Defendants

    b. Violation of Consumer Protection Laws against all Defendants

    c. Breach of Contract against Serenu Inc. and Amazon.com Inc.

    d. Negligence against all Defendants

    e. Unjust Enrichment against all Defendants

    f. **Strict Product Liability** against Serenu Inc. and Amazon.com Inc.

II. Plaintiff alleges that the "Drawing Salve ointment" was inherently dangerous and defective, causing significant harm without the need for Plaintiff to prove

negligence. The product's failure to safely treat boils and cysts as promised and its adverse effects directly resulted in injury to Plaintiff.

    a. **Negligent Misrepresentation** against all Defendants

III. Plaintiff asserts that Defendants made false statements or negligently provided incorrect information regarding the product's safety and efficacy. Plaintiff relied upon these misrepresentations to his detriment, leading to physical harm and financial loss.

    a. **Breach of Warranty** against Serenu Inc. and Amazon.com Inc.

IV. Defendants breached both express and implied warranties regarding the "Drawing Salve ointment." The express warranty concerning the product's ability to treat boils and cysts was violated, as was the implied warranty of merchantability. These breaches resulted in damages to Plaintiff.

    a. **Violation of Federal and State Consumer Protection Laws** against all Defendants

V. Defendants engaged in practices violating consumer protection laws through false advertising, misleading claims about the product's efficacy, and failure to disclose necessary safety information, thereby causing harm to Plaintiff.

    a. **Intentional Infliction of Emotional Distress** against all Defendants

VI. Defendants' conduct was so outrageous and egregious that it caused Plaintiff severe emotional distress. The actions of Defendants were intentional or recklessly disregarded the likelihood of causing such distress.

    a. **Unfair Business Practices** against all Defendants

VII. Defendants' actions constitute unfair business practices under laws such as the Unfair Competition Law (UCL), including unfair, deceptive, untrue, or misleading advertising, as well as practices otherwise prohibited by law, to the detriment of Plaintiff.

    a. **Invasion of Privacy** against Serenu Inc. and Amazon.com Inc.

VIII. Defendants' inappropriate use and inadequate safeguarding of Plaintiff's personal information collected under the guise of processing a rebate constitutes an

invasion of privacy, causing further harm to Plaintiff.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

A. Compensatory damages for the physical, emotional, and financial harm suffered;

B. Punitive damages to punish Defendants for their egregious conduct and to deter similar future conduct;

C. Injunctive relief to prevent Defendants from continuing their unlawful practices;

D. Restitution for the violation of consumer protection laws and unfair business practices;

E. Costs and expenses of this action, including reasonable attorneys' fees;

F. Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff reiterates the demand for a trial by jury on all issues so triable.

*[signature]*

James Szmidt

**DATED:**
02/16/2024

James Szmidt
324 Richmond (
Deerfield Beach
FL 33442